IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELE A.,[1]

      Plaintiff,                                              Civ. No. 6:19-cv-997-MC

      v.                                                     OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

MCSHANE, Judge:

      Plaintiff brings this action for judicial review of the Commissioner's decision denying her application for disability insurance benefits and supplemental security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On March 28, 2016, Plaintiff filed an application for benefits, alleging disability as of March 31, 2015. Tr. 13.[2] After a hearing, the administrative law judge (ALJ) determined Plaintiff was not disabled under the Social Security Act. Tr. 13-20. Plaintiff argues the ALJ erred in finding her less-than fully credible, in failing to include all of her limitations in the RFC, and in rejecting the third-party opinion of Ms. Mari Still. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine and fibromyalgia. Tr. 16. The ALJ concluded Plaintiff had the RFC to perform light work with the following relevant limitations: she is limited to occasionally climbing, stooping, and crawling, and frequent overhead and gross manipulations bilaterally. Tr. 17. The ALJ determined Plaintiff could perform past relevant work and was not disabled. Tr. 20.

1. **The ALJ's Credibility Determination**

Plaintiff alleged severe limitations. In her April 2016 function report, Plaintiff stated that on a good day, she could walk one block before needing to stop and rest. Tr. 258. On a bad day, Plaintiff could not walk at all. Tr. 258. Plaintiff could not do house maintenance or lawn care. Tr. 254. Plaintiff alleged her face, side of her head, hands and arm goes numb and cause pain. Tr. 254. At the May 2018 hearing, Plaintiff first testified that at that time, she was not capable of lifting or carrying any weight at all before later testifying she could carry under five pounds Tr. 41. Plaintiff testified she lies down two to three times every day, for 20 minutes or longer each time. Tr. 43. Plaintiff testified that "on a scale from zero to ten, and ten being total failure, I operate on a six to eight every day all day long. . . . That is both pain and function. It takes extreme concentration and sheer willpower to, to accomplish what I need to accomplish." Tr. 45. Plaintiff experienced problems getting on and off a toilet. Tr. 46. Plaintiff testified that while she could walk "a little ways," maybe 15 steps, she could not walk half a block. Tr. 46.

The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597,

603 (9th Cir.1989)). The ALJ "may consider a wide range of factors in assessing credibility." *Ghanim v. Colvin*, 12-35804, 2014 WL 4056530, at *7 (9th Cir. Aug. 18, 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir.2007).

The ALJ pointed to several of the above factors in finding Plaintiff less-than fully credible as to the extent of her limitations. For example, the ALJ noted that despite her complaints of debilitating pain, Plaintiff was prescribed conservative treatment (such as physical therapy) and the record indicated Plaintiff failed to follow through with her treatment regimen. Tr. 17-19. Additionally, the ALJ noted that results from Plaintiff's consultative examination contrasted with Plaintiff's alleged limitations. Tr. 19. These findings are supported by substantial evidence in the record.

Although Plaintiff's physician referred Plaintiff to physical therapy, the ALJ noted that although Plaintiff presented for an initial evaluation in December 2017, "there are no records showing that the claimant continued with physical therapy, even though she informed Dr. Smart on March 14, 2018, that she would." Tr. 19. The ALJ noted that records from the initial PT session indicated "that the claimant tolerated today's treatment/therapeutic activity without complaints of pain or difficulty." Tr. 19. The ALJ referenced a physician's note three months later stating Plaintiff was informed the PT referral was still open and that the doctor thought PT "would be very helpful for her." Tr. 766. The doctor noted Plaintiff "tells me that she will call to set up an appointment [with PT]." Tr. 767. As noted by the ALJ, there are no records Plaintiff ever followed through with the referral to PT.

4 – OPINION AND ORDER

The ALJ also noted Plaintiff's alleged limitations contrasted with results from a September 2016 consultative examination. Tr. 19. The ALJ noted Dr. Henderson referenced multiple instances of Plaintiff giving less-than full effort during the exam. The ALJ noted the only limitation provided by Dr. Henderson was that Plaintiff in not able to rotate her head more than 35 degrees in both directions. Tr. 19. The ALJ concluded Dr. Henderson's opinion was consistent with the record as a whole.

Dr. Henderson noted Plaintiff's chief complains were neck and back pain with neuropathy/radiculopathy." Tr. 445. Plaintiff complained of daily pain requiring her to constantly change positions. Plaintiff described a burning sensation at the base of her neck, radiating to her legs, feet and toes. Tr. 445. Plaintiff stated she occasionally experienced numbness and tingling in her hands. Tr. 445. Plaintiff stated her pain was 7/10 during the examination. Tr. 446. Dr. Henderson noted Plaintiff's subjective limitations:

> Sitting is limited to 5-10 minutes, standing 5-10 minutes and walking 3-5 minutes. Lifting is limited to 10 pounds. She writes that she has never time[d] how long she can do any of these things. She has to constantly change positions. She has moderate difficulty with bathing, dressing and shopping. Also moderate difficulty with cooking, housecleaning and is not able to vacuum, clean the shower, floors or cabinets. She cannot do yardwork at all.

Tr. 446.

Dr. Henderson noted Plaintiff did not use or need an assistive device. Tr. 446. Plaintiff stood at one time as she relayed her history to Doctor Henderson "but otherwise was able to sit[.] No pain, weakness or incoordination was noted transitioning from sitting to standing. No pain, weakness or incoordination was noted getting on and off the exam table." Tr. 466. On examination, Dr. Henderson noted:

> Position transitions to and from the chair and exam table shows intact strength, speed, and motor pattern. Heel to toe sequence is normal, narrow width and pivoting is normal. No significant difficulties were observed with heel and toe walking, although stated she could not walk on the heels due to lack of balance.

5 – OPINION AND ORDER

> Tandem walking was adequate. Squatting was full. Station is erect and symmetric. No antalgic, neuropathic or myelopathic patterns were observed.

Tr. 447.

In testing Plaintiff's strength, Dr. Henderson noted "Manual testing was incongruent with clinical observation and other testing." Tr. 447. Dr. Henderson noted Plaintiff provided "less than full effort." Tr. 447. Regarding Plaintiff's performance during the exam, Dr. Henderson opined Plaintiff provided "Somewhat inconsistent and less than full effort." Tr. 447. Regarding Plaintiff's neck, Dr. Henderson noted "There does seem to be some symptom amplification" and "Based on the objective evidence the main limitations are that she is not able to rotate the head more than approximately 35° in both directions." Tr. 447. Regarding Plaintiff's low back pain, Dr. Henderson opined:

> Range of motion was somewhat variable on exam. Strength testing also was less than full effort bilaterally. There are no imagine studies for the back and no nerve conduction studies and we will [sic] that I'm aware of. She did stand up part way through the history, but clinical observation did not corroborate her reported functional limitations. She likely does have neck and back pain, but cannot confirm the severity and recommend any functional limitations.

Tr. 447.

The ALJ did not err in utilizing "ordinary techniques of credibility evaluation" in weighing the validity of Plaintiff's self-reported limitations. *Ghanim*, 763 F.3d at 1163; *Lingenfelter*, 504 F.3d at 1040. The ALJ reasonably concluded objective results and observations from Dr. Henderson's examination contrasted with Plaintiff's alleged limitations. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez*, 740 F.3d at 523 ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.") (quoting *Reddick*, 157 F.3d at 720-21)). Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible

regarding the extent of her limitations, the ALJ did not err in giving little weight to Plaintiff's testimony regarding those limitations.[3] *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)).

2. **Plaintiff's RFC**

Plaintiff argues the ALJ erred in failing to include all of her limitations in her RFC. In April 2014, Plaintiff's primary care physician, Dr. Marc Wagner, limited Plaintiff to "no overhead reaching or overhead lifting." Tr. 382. As noted by Defendant, the record indicates Dr. Wagner believed this was a temporary restriction. In the same note restricting Plaintiff to the above modified work position, Dr. Wagner indicated continued PT would benefit Plaintiff, she would achieve "maximum medical improvement" in three months, Dr. Wagner would release Plaintiff to perform "full duty as a material handler" depending on "progress reports from physical therapy work hardening program" but she "will not be released to full duty within the next 30 days until this resolves." Tr. 382. As Dr. Wagner provided his opinion nearly one year before the alleged disability date, the ALJ did not err in limiting Plaintiff to no overhead reaching or lifting.

Finally, Plaintiff argues the ALJ erred in failing to include neck limitations in Plaintiff's RFC.[4] As noted, Dr. Henderson opined Plaintiff was unable to rotate her head more than approximately 35 degrees. Tr. 447. Even assuming the ALJ erred in not including this limitation in the RFC, any error was harmless. At the hearing, the vocational expert testified that a person with Plaintiff's RFC, who could not rotate her head more than 35 degrees in both directions,

---

[3] Mari Stille provided a third-party function report that largely mirrored Plaintiff's own allegations regarding her limitations. Tr. 316. Ms. Stille reported Plaintiff had difficulty lifting one-half gallon of milk and had to constantly change positions. Tr. 316. Because the ALJ's reasons for rejecting Plaintiff's testimony apply equally to Ms. Stille's report, the ALJ did not err in giving little weight to that opinion. *Molina*, 674 F.3d at 1122.

[4] In her Reply, Plaintiff concedes the RVC adequately captured Dr. Bernardo's frequent handling and overhead reaching limitation. Reply Br. 3.

7 – OPINION AND ORDER

could still perform the occupations of survey worker and receptionist because, in the expert's opinion, those positions "have more straight ahead focusing and so I think those two would fit the set of limitations." Tr. 50-51. Therefore, even assuming the ALJ erred in formulating Plaintiff's RFC, any error was harmless.

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of July, 2020.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge